UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE RANGEL, | No. 2:24-cv-00731-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| JASON DODSON, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 2). The court will grant his application and screen the complaint.

## Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2), that plaintiff is unable to prepay fees and costs or give security therefor. Accordingly, plaintiff's motion for leave to proceed in forma pauperis is granted.

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of

1

1   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief
2   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."
3   *Id*. § 1915A(b).
4       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6   plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v Gibson*, 355 U.S. 41 (1957)).
9   While the complaint must comply with the "short and plain statement" requirements of Rule 8, its
10  allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S.
11  662, 679 (2009).
12      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16  678.
17      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19  content that allows the court to draw the reasonable inference that the defendant is liable for the
20  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
24  Screening Order
25      Plaintiff sues Jason Dodson, a correctional officer at Folsom State Prison. ECF No. 1 at 4.
26  Plaintiff alleges that defendant violated his Eighth Amendment[1] right to be free from cruel and

---

27      [1] Plaintiff also invokes the Fourteenth Amendment. ECF No. 1 at 4.  Plaintiff's claim
    arises, if at all, under only the Eight Amendment because the Fourteenth Amendment applies to
28  pretrial detainees.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (excessive force

unusual punishment by an unnecessary use of force on December 27, 2023. *Id*. at 4, 5. Plaintiff claims that during a medical emergency medical staff administered Narcan to revive plaintiff, handcuffed him, and placed him in a Stokes litter.[2] *Id*. at 5; According to plaintiff, defendant then unnecessarily used his forearm to push down on plaintiff's face and head, causing an abrasion and scratch on plaintiff's head. ECF No. 1 at 5. Plaintiff claims that defendant's use of force was unnecessary because plaintiff was in handcuffs and secured in the Stokes litter. *Id*. Plaintiff appends a medical report which indicates that plaintiff had an "abrasion/scratch" on the right side of his head as of December 27, 2023. *Id*. at 7.

Excessive Force

For an excessive force claim, plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id*. at 7; *see also id*. at 9-10 ("The Eighth Amendment prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citation omitted)). "[N]ot [] every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 9. Yet an excessive force claim does not automatically fail because the prisoner did not suffer "'some arbitrary quantity of injury.'" *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (citing and quoting *Hudson*, 503 U.S. at 9). Injury and force "are only imperfectly correlated," and the nature of the force applied to the prisoner is the factor that ultimately matters. *Id*. at 38-39.

---

standard for pretrial detainees under the Fourteenth Amendment).

[2] *See* https://www.merriam-webster.com/dictionary/Stokes%20litter (a Stokes litter is "a wire basket conforming in shape to the human body into which an injured, sick, or disabled person can be safely strapped").

3

The complaint alleges that defendant unnecessarily pushed down on plaintiff's head while plaintiff was secured in the Stokes litter. The force described by plaintiff appears to be of a *de minimis* nature and more importantly plaintiff's allegations are insufficient to show that defendant applied the force maliciously and sadistically. While plaintiff's complaint plausibly suggests that there was little need in the circumstances to apply force to maintain or restore discipline, it is equally true that an unnecessary push without more than *de minimis* injury does not state an Eighth Amendment cause of action, even if it caused an abrasion and scratch on plaintiff's head. For all these reasons, the complaint fails to state an Eighth Amendment claim for excessive use of force.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If Plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). The amended complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the identify of defendants, nor the existence of allegations that have not been explicitly set forth in the amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id*. The amended complaint should include only claims that are related because they concern the same event (or series of related events) or the same defendant.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint (ECF NO. 1) is DISMISSED with leave to amend within 30 days of services of this order; and
3. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: November 13, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE