UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE RANGEL,

Plaintiff,

v.

JASON DODSON,

Defendant.

No. 2:24-cv-00731-EFB (PC)

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, but his initial complaint (ECF No. 1) was dismissed with leave to amend for failure to state a claim. Plaintiff has filed an amended complaint. ECF No. 11.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's amended complaint alleges that he suffered a laceration while strapped in a plastic stokes litter and being transported by three correctional officers, one of whom was defendant Dodson. ECF No. 11 at 1-2. He alleges that the laceration was the result of excessive force by Dodson but provides no facts concerning the incident. In a report attached to the amended complaint, one of the transporting officers wrote that, while the officers descended a staircase with the litter, plaintiff "became resistive" and tried to grab Dodson's wrist. *Id.* at 7. Plaintiff was jerking his body left and right in the litter, saying that he was going to "smoke"

Dodson and his family. *Id.* Dodson freed his wrist and ordered plaintiff to let go. *Id.* Plaintiff tried to grab Dodson's wrist a second time. *Id.* Dodson again freed his wrist and ordered plaintiff to let go. *Id.* The reporting officer states that he did not witness any use of force, due to his "position and focus." *Id.* Plaintiff disputes the report, stating that "a picture of the stairwell . . . will prove that it literally is physiologically [*sic*] impossible for the excessive force incident to take place as alleged." *Id.* at 2. Such evidence will prove, according to plaintiff, "that an Eighth Amendment violation has taken place." *Id.*

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7. Plaintiff alleges that Dodson used excessive force against him, but again provides no facts from which this conclusion may be inferred. Plaintiff is not required to prove the elements of his claim at this stage, but he must allege facts that would, if proven true, establish such a claim. The amended complaint lacks any facts that would, if taken as true, allow for an inference not only that Dodson used force against plaintiff in the stairwell, but that he did so maliciously and sadistically to harm plaintiff rather than in a good-faith attempt to maintain or restore discipline. Thus, the claim must be dismissed for failure to state a claim.

Despite notice of the deficiencies in his claim and an opportunity to amend, plaintiff has not corrected the deficiencies in the amended complaint, indicating that further leave to amend these claims would be futile. *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

////

////

////

<u>Conclusion</u>

Accordingly, it is ORDERED that the Clerk of Court randomly assign a district judge to this action. It is RECOMMENDED that the amended complaint be dismissed without further leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 31, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE